```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

ST. MARYS AREA WATER AUTHORITY, :
    Plaintiff
                                         :

    vs.                           :     CIVIL NO. 1:CV-04-1593

ST. PAUL FIRE & MARINE      :
INSURANCE COMPANY,
    Defendant              :


M E M O R A N D U M

I.  Introduction

    We are considering the Defendant's motion to quash subpoenas issued by the Plaintiff, St. Mary's Area Water Authority, to David Daniels and David Bizzak.  The Defendant, St. Paul Fire & Marine Insurance Company, seeks to quash the subpoenas pursuant to Federal Rule of Civil Procedure 26(b)(4)(B).

II. Background[1]

    St. Mary's operates a public water facility in St. Mary's, Elk County, Pennsylvania.  It uses dry chlorine at the facility to disinfect the water.  Sometime between the hours of 10:00 p.m. on July 8, 2003, and 6:00 a.m. on July 9, 2003, approximately 140 pounds of chlorine gas leaked from one of the

---

[1] For purposes of this motion, the factual background, unless otherwise noted, is taken from the complaint.  The background is limited to those facts that are pertinent to the Motion to Quash.

facility's one-ton chlorine cylinders, due to the failure of a "pigtail" pipe.[2] As a result, virtually all of the equipment at the facility was damaged.

St. Mary's immediately reported the incident to St. Paul, the Plaintiff's issuer under a Public Sector Services Insurance Policy.  The policy included an Equipment Breakdown Endorsement which the Defendant reinsured through Hartford Steam Boiler Inspection and Insurance Company ("HSB").  St. Paul contacted HSB regarding the claim and on approximately July 30, 2003, James Sutton, an HSB representative, inspected St. Mary's facility.  (Doc. 22, Motion to Quash, Ex. I).  It was agreed that testing was required to determine the cause of the leak.  (*Id.*).  HSB retained Mechanical & Material Engineering ("M&M") to perform the tests and the "pigtail" pipe was sent to M&M in Texas on August 4, 2003. (*Id.*).

On August 12, 2003, David Daniels, a senior consulting scientist with M&M, issued his findings as to the cause of the chlorine leak at St. Mary's, which became the basis for HSB's denial of coverage.  (*Id*. Exs. C & K).  After HSB informed the Defendant that it would deny coverage, St. Paul conducted its own investigation and hired David Bizzak of Romauldi, Davidson & Associates to review M&M's findings and to inspect the "pigtail" pipe.  (*Id.*, Ex. J).  He issued his findings on October 24,

---

[2] The pipe is named for its shape.

2

2003, and St. Paul ultimately denied coverage on January 6, 2004. (*Id*. Exs. E & F).

III. Discussion

Federal Rule of Civil Procedure 26(b)(4)(B) provides that:

> [a] party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

The rule clearly prohibits a party from discovering not only the opinions held by a non-testifying expert, but also the facts he may have learned. *Disidore v. Mail Contractors of America, Inc.*, 196 F.R.D. 410, 415 (D.Kan. 2000).

St. Paul argues that it has yet to designate either Daniels or Bizzak as a testifying expert. It also contends that both men were hired in "anticipation of litigation" and that St. Mary's should be prohibited from deposing them unless they are named as witnesses who will testify. Further, the Defendant maintains that St. Mary's cannot show any exceptional circumstance that would justify taking their depositions. St. Mary's raises numerous arguments in response.

3

### A. David Daniels

The Defendant contends that HSB hired Daniels because it knew that ligation was likely.  Specifically, St. Paul argues that his report is litigation oriented and that the fact he is an independent expert shows that this investigation was not an ordinary insurance investigation.  Thus, he was clearly hired in anticipation of litigation.  St. Mary's maintains that Daniels was retained as part of a coverage investigation.  The Plaintiff also argues that since Daniels was hired by HSB, and HSB is not a party to this suit, St. Paul cannot assert Rule 26(b)(4)(B) to prevent his deposition.  St. Paul contends that although HSB is not a named party, it is a party in interest and, as a result, the rule applies.

We must agree with the Plaintiff that Rule 26(b)(4)(B) only applies to an expert retained by a party to the litigation. Black's Law Dictionary defines "party" as "a person whose name is designated on record as plaintiff or defendant...one having [the] right to control proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from judgment." BLACK'S LAW DICTIONARY 1122 (6th ed. 1990).  St. Paul is correct in that HSB, as its reinsurer, has an interest in the outcome of this case.  However, neither the Plaintiff nor the Defendant has joined HSB as a party to this action.  Although St. Paul is a party to this suit, it did not hire Daniels.  Thus, he was not "retained or specially employed by another party" as required

4

under Rule 26(b)(4)(B).  St. Paul has cited no authority, nor have we found any, for the proposition that it may assert Rule 26(b)(4)(B) to prevent the deposition of an expert it did not retain.  Since Daniels was not hired by a party, Rule 26(b)(4)(B) does not apply.  *See Arkwright Mut. Ins. Co., v. National Union Fire Ins. Co. Of Pennsylvania*, 148 F.R.D. 552, 556 (N.D.W.Va. 1993)(noting that the use of the word party in Rule(b)(4)(B) is unambiguous).  Therefore, St. Paul's motion to quash with regard to David Daniels must be denied.

    B.   <u>David Bizzak</u>

St Paul maintains that David Bizzak was hired in anticipation of litigation because he was hired "after it became clear that the insured and its two insurers did not all see eye to eye on whether coverage existed for the insured's claim." (Doc. 22, Motion to Quash, p. 7).  St. Mary's argues, as it did with Daniels, that Bizzak was hired to investigate the claim and not in anticipation of possible litigation.

When evaluating a claim that an expert was hired in anticipation of litigation, a court should consider the factual circumstances of the case before it.  *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 175 F.R.D. 34, 43 (S.D.N.Y. 1997)(citing *Hartford Fire Ins.*, 154 F.R.D. at 207.).  While this determination does not depended on the filing of a lawsuit, "there must have existed more than a remote possibility of litigation" when the expert was hired.  *Id*. (*citing United*

5

*States v. Bell*, 1994 WL 665295, at *4 (N.D.Cal. Nov. 9, 1994)(internal quotations omitted).  "When a party places an expert on its payroll for the sole purpose of deriving facts and opinions for use at trial, that expert has been retained in anticipation of litigation." *Vanguard Savings and Loan Assoc. v. Banks*, 1995 WL 71293 at * 3 (E.D.Pa. 1995)(*citing Virginia Electric & Power Co. v. Sun Shipbuilding & Dry Dock Co.*, 68 F.R.D. 397 (E.D.Va. 1975)(internal quotations omitted).

When Bizzak was hired, which appears to be the end of August 2003, HSB had informed St. Paul that it would deny coverage should St. Paul make a claim under the endorsement insured by HSB.  (Doc. 22, Motion to Quash, Ex. J).  However, contrary to the Defendant's assertion, Bizzak was not hired after it became clear that St. Mary's and St. Paul did not see "eye to eye" on the claim.  At the time Bizzak was retained, St. Paul's had made no determination as to the possibility of coverage.  The Defendant relies heavily on the assertion that there was a high probability that St. Mary's would litigate if the claim was denied.  (Id., Exs. D, K, & L).  This alone, however, cannot support the Defendant's reliance on Rule 26(b)(4)(B).  *Connecticut Indem. Co. v. Carrier Haulers, Inc.*, 197 F.R.D. 564, 570 (W.D.N.C. 2000)(noting that insurance companies have a duty to investigate claims and that a reasonable threat of litigation does not arise until an insurance company has made a decision on a claim).  In this

6

instance, Bizzak was performing an investigation to determine coverage. He was to analyze the "pigtail" pipe, review the Daniels' report, and determine if he concurred with the findings. (*Id.*, Ex., J). Only after Bizzak produced a report did the Defendant deny coverage. Since his report was integral to the denial of the claim, and not solely for trial purposes, we cannot find that it was prepared in anticipation of litigation. *Vanguard Savings and Loan*, 1995 WL 71293 at *3; *see also* Fed. R. Civ. Pro. 26, Advisory Committee Notes, 1970 Amend., Subdivision(b)(4)-Trial Preparation: Experts ("...the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit.").[3]

    C.   Scope of Depositions

St. Paul has requested that the scope of any depositions be limited. The Defendant asserts that Daniels and Bizzak should only be questioned as to their knowledge of factual matters and that the time-frame should be limited to the events that occurred prior to the issuance of their respective reports. St. Paul provides no authority to support these

---

[3] Since we have found that Bizzak was not hired in anticipation of litigation, we need not address whether exceptional circumstances exist or whether St. Paul waived the protection of Rule 26(b)(4)(B).

7

limitations.  Since Rule 26(b)(4)(B) does not bar the depositions of Bizzak and Daniels, any limitation associated with the rule does not apply.  The Defendant may, of course, note appropriate objections during the depositions.  We do agree with the Defendant, however, that the Plaintiff should refrain from questioning Daniels and Bizzak about conversations they may have had with St Paul's counsel subsequent to the filing of this lawsuit.  Should the Defendant designate Daniels or Bizzak as a testifying expert prior to the depositions, they would be afforded any protections associated with this designation under the Rules of Civil Procedure.

      We will issue an appropriate order.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge

Date: July 29, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ST. MARYS AREA WATER AUTHORITY, :
    Plaintiff
:

vs.    :   CIVIL NO. 1:CV-04-1593

ST. PAUL FIRE & MARINE  :
INSURANCE COMPANY,
    Defendant   :

O R D E R

AND NOW, this 29th day of July, 2005, it is ordered that the Defendant's Motion to Quash the subpoenas of David Daniels and David Bizzak (Doc. 22) is denied.

        /s/William W. Caldwell
        William W. Caldwell
        United States District Judge