```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

ST. MARYS AREA WATER AUTHORITY, :
      Plaintiff
                                          :

      vs.                           :   CIVIL NO. 1:CV-04-1593

ST. PAUL FIRE & MARINE        :
INSURANCE COMPANY,
      Defendant                   :

M E M O R A N D U M

I.  <u>Introduction</u>

We are considering the Defendant's motion to compel deposition testimony. The Defendant, St. Paul Fire & Marine Insurance Company, seeks to compel the Plaintiff's expert witnesses to answer questions about conversations that the experts may have had with Plaintiff's counsel regarding the subject matter of the litigation. The Plaintiff, St. Mary's Area Water Authority, opposes the motion.

II. <u>Background</u>

On May 1, 2006, St. Paul conducted depositions of Dr. Richard Roberts and Joseph Crosson, St. Mary's expert witnesses. During the course of the depositions, counsel for St. Paul asked the experts numerous questions regarding their communications with St. Mary's counsel. Specifically, St Paul's counsel sought to question Crosson about discussions he had with St. Mary's lawyers concerning the insurance issues associated with the

litigation and any changes the lawyers may have recommended to his draft report.  (Doc. 60, Def. Mem. in Support, Ex. B, pp. 12-15).  As to Dr. Roberts' deposition, Defendant's counsel sought to question him about a conversation Dr. Roberts had with Plaintiff's counsel concerning the scope of his assignment, information he received about the case from conversations with Plaintiff's counsel, and Dr. Roberts' understanding of what the Plaintiff believed to be covered by the insurance policy. (Doc. 60, Def. Mem. in Support, Ex. A, pp. 10-11, 33-34, 73-76).  Plaintiff's counsel objected to these questions on the basis of attorney-client and/or work-product privilege.

III.  Discussion

St. Paul contends that it is entitled to examine Plaintiff's experts concerning their communications with St. Mary's counsel for three reasons.  First, the Defendant argues that Federal Rule of Civil Procedure 26(a)(2)(B) requires full disclosure of all information considered by an expert witness in forming an opinion.  Second, St. Paul maintains that policy considerations weigh against protecting communications between attorneys and experts.  Finally, the Defendant contends that St. Mary's waived any privilege as to oral communications through their document production.

Relying on *Bogosian v. Gulf Oil Corporation*, 738 F.2d 587 (3d Cir. 1984), and *In re: Cendant Corp. Securities*

*Litigation*, 343 F.3d 658 (3d Cir. 2003), St. Mary's argues that its counsel's mental impressions, conclusions, and opinions are not subject to discovery through their experts on the basis of work-product privilege[1]. Plaintiff further contends that Rule 26(a)(2)(B) does not require the disclosure of the experts' discussions with counsel. St. Mary's also maintains that it did not waive the work-product privilege.

In *Bogosian*, the Third Circuit held that core attorney work-product was not discoverable even if it was disclosed to an expert. *Bogosian*, 738 F.2d at 594-5. The court was considering the interplay between Federal Rules of Civil Procedure 26(b)(3) and 26(b)(4) and determined that a textual interpretation of the rules did not support "...[a] conclusion that Rule 26(b)(3), protecting this category of attorney's work product, 'must give way' to Rule 26(b)(4) authorizing discovery relating to expert witnesses." *Id*. at 594. The Third Circuit noted that although the permissibility of an "examination into a lawyer's role" was not before them, "...the marginal value in the revelation on cross-examination that the expert's view may have originated with an attorney's opinion or theory does not warrant overriding the strong policy against disclosure...of core attorney's work

---

[1] Although the Plaintiff objected to the deposition questions on the basis of the work-product privilege and/or the attorney-client privilege, St. Mary's has confined its argument in its brief to the work-product privilege. Thus, we will only consider the applicability of the work-product privilege to the issues at hand.

3

product." *Id*. at 595. In *In re: Cendant Corp.*, the Third Circuit reaffirmed this holding. *In re: Cendant Corp.*, 343 F.3d at 665. It is important to note that neither case addresses Rule 26(a)(2)(B). *Bogosian* was decided before the 1993 amendments to Rule 26 which added section (a)(2)(B). *Krisa v. Equitable Life Assurance Society*, 196 F.R.D. 254, 259 (M.D.Pa. 2000)(Vanaskie, C. J.). *In re: Cendant Corp.* was decided in 2003, ten years after Rule 26 was amended.

Rule 26(a)(2)(B) requires that an expert's report must "...contain...the data or other information considered by the witness in forming [his] opinion...." The advisory committee notes indicate that the purpose behind the report is as follows:

> The report is to disclose the data and other information considered by the expert....
> Given ths obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions - whether or not ultimately relied upon by the expert - are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

Fed. R. Civ. Pro. 26, Advisory Committee Notes, 1993 Amend., Subdivision(a), Paragraph (2). The majority of courts that have addressed the argument that Rule 26(a)(2)(B) requires discovery of attorney work-product disclosed to experts have found in favor of discovery in such instances. *See Synthes Spine Company, L.P. v. Walden*, 232 F.R.D. 460, 463 (E.D.Pa. 2005)(collecting cases).

While we are cognizant of the cases that have interpreted Rule 26(a)(2)(B) as requiring the discovery of attorney work-product that has been disclosed to experts, we cannot reach the same conclusion based on prevailing Third Circuit case law.  While other courts have found the *Bogosian* to be "inapposite" after the 1993 amendments, *In re: Cendant Corp.* makes it clear that *Bogosian*'s holding is still binding on lower courts.  *Compare Synthes Spine Co.*, 232 F.R.D. at 462 n.2 ("[Bogosian], and its underlying rationale, have been held inapposite when determining whether evidentiary privileges shield from discovery materials provided to experts after the 1993 amendments."); *B.C.F. Oil Refining, Inc. v. Consolidated Edison Co. of New York, Inc.*, 171 F.R.D. 57, 65 (noting that the reasoning of cases interpreting Rule 26 prior to the 1993 amendments "is probably obsolete.") *with In re: Cendant Corp.*, 343 F.3d at 665 (reaffirming the Third Circuit's holding in *Bogosian*).  Given that *In re: Cendant Corp.* was decided ten years after Rule 26 was amended, we cannot find that the Third Circuit's holding in *Bogosian* is inapplicable to the instant case.  As such, we must find that core attorney work-product cannot be discovered under Rule 26 even if it is disclosed to an expert.

Having reviewed the questions posed by the Defendant during the depositions, it is clear that the information being sought is prohibited under *Bogosian*.  Core attorney work-product

5

"...encompasses the 'mental impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation'...." *In re: Cendant Corp.*, 343 F.3d at 663 (*quoting* Fed.R.Civ.P. 26(b)(3)).  The questions posed by St. Paul's counsel would elicit answers that reveal the opinions or theories of St. Mary's counsel.  Further, we find that St. Mary's has not waived the work-product privilege by its document production.  The exhibits relied upon by St. Paul indicate what documents and other factual information were supplied to St. Mary's experts to facilitate the preparation of expert reports.  (*See* Doc. 60, Def. Mem. in Support, Exs. G & H).  They do not reveal core attorney work-product.

We will enter an appropriate order.

<pre>                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge</pre>

Date: June 15, 2006

```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

ST. MARYS AREA WATER AUTHORITY, :
      Plaintiff
                                    :

      vs.                         :   CIVIL NO. 1:CV-04-1593

ST. PAUL FIRE & MARINE       :
INSURANCE COMPANY,
      Defendant           :


## O R D E R


AND NOW, this 15th day of June, 2006, it is Ordered that the Defendant's motion to compel deposition testimony (Doc. 59) is denied.

Defendant shall respond to Plaintiff's motion for summary judgment on or before July 6, 2006. Defendant shall file its motion for summary judgment, if any, on or before July 6, 2006, accompanied by its brief.


                                          /s/William W. Caldwell
                                       William W. Caldwell
                                       United States District Judge